CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 25 2024
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| GARY LEE JOHNSON, | ) |
| | ) |
| Appellant, | )  Case No. 4:24-mc-00001 |
| | ) |
| v. | )  **MEMORANDUM OPINION** |
| | ) |
| BANKRUPTCY COURT FOR THE | )  By:  Hon. Thomas T. Cullen |
| WESTERN DISTRICT OF VIRGINIA, | )       United States District Judge |
| | ) |
| Appellee. | ) |

This matter is before the court on Appellant Gary Lee Johnson's motion for leave to appeal an interlocutory order of the United States Bankruptcy Court for the Western District of Virginia. Because Johnson has failed to show any of the required elements to invoke the court's discretionary appellate jurisdiction, his motion will be denied.

## I.

Although Johnson is represented by counsel in the Bankruptcy Court, he is undertaking this appeal *pro se*. As a result, the court has struggled to understand the nature of his appeal. But the docket and docket entries before the Bankruptcy Court allow this court to discern the following operative facts.

On March 2, 2018, Johnson filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. *In re Johnson*, No. 18-60391, ECF No. 1 (Mar. 2, 2018).[1] On July 23, 2018, the Bankruptcy Court confirmed Johnson's amended Chapter 13 plan. (BR ECF No. 59.) Johnson filed another amended plan on February 12, 2019 (BR ECF No. 63), which the

---

[1] References to docket entries before the Bankruptcy Court are in the following format: (BR ECF No. __.)

Bankruptcy Court confirmed on May 17 (BR ECF No. 84). Another amended plan was tendered on June 24, 2020 (BR ECF No. 107) and confirmed by the Bankruptcy Court on September 3 (BR ECF No. 118). On September 29, 2022, Johnson filed yet another amended plan (BR ECF No. 128), and the Bankruptcy Court confirmed that plan on January 24, 2023 (BR ECF No. 138).[2] The court's approval of the September 2022 amended plan included an important caveat: if Johnson failed to make payments to the Trustee as required, the Trustee was to "certify to the Court that the debtor is in default in plan payments and shall send notice of his certification and the case shall be dismissed without further notice or hearing." (*Id.*)

On November 14, 2023, the Trustee notified the Bankruptcy Court that Johnson had failed to pay plan payments as directed by the Court (BR ECF No. 140), and the case was summarily dismissed (BR ECF No. 141). Johnson filed a motion to reconsider (BR ECF No. 148), contending that he was "suffering from a reduced mental capacity" and believed that he had been paying the correct amount to the Trustee.[3] After a hearing, Johnson's case was reinstated on December 21, 2023. (BR ECF No. 152.) As a condition of the reinstatement, however, Johnson was ordered:

> Within sixty (60) days from the entry of this order, the Debtor shall have a contract to sell 390 Romana Drive [("the property")] from a bona fide third-party purchaser and provide a copy of the contract to the Chapter 13 trustee. From the date of the real estate contract, the Debtor has sixty (60) days to close on the sale of 390 Romana Drive.

---

[2] Most, if not all, of the amended plans were required to avoid dismissal of Johnson's case because he failed to pay the monthly payments to the Trustee as required under the approved plans. (*See, e.g.*, BR ECF Nos. 62, 101, 123.)

[3] The operative plan, proposed on September 29, 2022 (BR ECF No. 128) and confirmed on January 24, 2023 (BR ECF No. 138), required that Johnson pay the Trustee $1,300 monthly for 12 months, then $5,126.68 monthly for 21 months. (BR ECF No. 128 at 1.)

> Failure to comply with any of these conditions, the Trustee shall file a certification of default and the Court shall dismiss the case without opportunity for hearing or notice. The dismissal of this case shall bar the Debtor from refiling a bankruptcy case for 180 days.

(*Id.*) On February 20, 2024, Johnson filed a motion to sell the property "to pay off the bankruptcy case." (BR ECF No. 153 at 1.) The Trustee did not object to the motion to sell. (BR ECF No. 158.) The noteholder on the property, U.S. Bank, likewise did not oppose the motion to sell "provided sufficient proceeds remain from the sale of the property to pay off its secured claim . . . in full, at settlement." (BR ECF Nos. 159, 162.)

A hearing was scheduled on the motion to sell for March 13, 2024 (*see* BR ECF No. 156), but was rescheduled for April 2, 2024 (BR ECF No. 164). In an April 10, 2024 order rescheduling the hearing again (until May 15, 2024), the Bankruptcy Court included the following language:

> At any continued hearing related to confirmation of the plan, approval of a modified plan, or motion to dismiss, upon cause shown by any party, the court may dismiss the case. . . . Debtor's counsel appeared at the hearing on the motion to sell real estate, the debtor did not appear, since there was no agreement as to the entry of the order, this matter was continued to the above date. However pursuant to this Court order Docket #152, the debtor had 60 days from the entry of said order to have a contract for the sale of 390 Romana Drive and if provided Debtor had sixty day [*sic*] from the date of the contract to close on the sale of 390 Romana Drive. If the Debtor fails to comply with these conditions the Trustee shall file a certificate of default and the Court shall dismiss the case without opportunity for hearing or notice.

(BR ECF No. 166 at 2.) Less than week later, Johnson filed a notice of appeal in the Bankruptcy Court and a motion to leave to appeal in this one. (BR ECF Nos. 167, 168; Mot. for Leave to Appeal-Bankruptcy [ECF No. 1].)

- 3 -

In his motion, Johnson says that, at a hearing on February 15, 2024, the Bankruptcy court "errored in the interpretation of the sunset provision of the Cares Act of 3/27/2020 which, in general with some exceptions, would disallow the 2 year extension, if not approved for the Debtor, before the Sunset date of March 22, 2022." (ECF No. 1 at 2 [*sic* throughout].) Johnson asserts that he asked his attorney to "make a Motion to the Court to reconsider the Judge's Order to Sell the property and grant the Modification to the Plan that was presented to the Trustee. in October of 2023. Judge Black refused to reconsider the Order even though it is contradictory to the Cares Act (Public Law 116-136) of HR 748 passed by Congress on 3/27/2020." (*Id.* [*sic* throughout].) Johnson further avers that, when he asked the Trustee to consent to withdrawal of his plan to sell the property, the Trustee refused, stating that "withdrawing the Petition would be cause for immediate dismissal of [Johnson's] Chapter 13 Plan, so [Johnson] did not persist on withdrawing the Petition." (*Id.* at 3.) Johnson seeks leave to appeal "until the Bankruptcy Court Reconsiders the ORDER TO SELL 390 Romana Drive, and agrees to continue the repayment Plan at $1300 mo. until the end of the 84 month period ending July 2025 as permitted under the Cares Act for [his] 2 year extension granted in 2020." (*Id.* [*sic* throughout].)

## II.

While parties may appeal final orders from the bankruptcy court as a matter of right, they may only appeal interlocutory orders "with leave of the court." 28 U.S.C. § 158(a)(3). In other words, the court has discretionary appellate jurisdiction over interlocutory orders.

"Section 158 provides no direct guidance concerning when leave to appeal an interlocutory order should be granted." *In re Charlotte Com. Grp., Inc.*, No. 1:02-cv-00343, 2003

WL 1790882, at *1 (M.D.N.C. Mar. 13, 2003). But because section 158(c)(2) says that an appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts," district courts generally apply the standard set forth in 28 U.S.C. § 1292(b), the statute governing interlocutory review by the circuit courts. *See, e.g.*, *In re Charlotte Com. Grp., Inc.*, 2003 WL 1790882, at *1; *KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000); *In re Swann Ltd. P'ship*, 128 B.R. 138, 140 (D. Md. 1991). Under § 1292(b), leave to appeal an interlocutory order should only be granted when (1) the "order involves a controlling question of law as to which there is substantial ground for a difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Both requirements must be satisfied for the court to grant leave to appeal the interlocutory order. *See In re Rood*, 426 B.R. 538, 548 (D. Md. 2010). Moreover, the appellant must demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

### III.

A review of Johnson's motion for leave to appeal leaves the court searching for what ruling or issue of controlling law is at play. While Johnson references the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136 (Mar. 27, 2020), he does not allege that any decision has been made in violation of that Act. He references a hearing on February 15, 2024, but the Bankruptcy Court docket does not reflect any such hearing. And he apparently admits that he asked his attorney to request certain relief, but he withdrew that

very request himself after speaking with the Trustee. So the court is at a loss to understand what decision of the Bankruptcy court Johnson is challenging.

As best the court can tell, Johnson objects to a potentiality—that a future request to amend his Chapter 13 plan may be denied. The same goes for his issue regarding the sale of the property. He seems to believe that his case *might* be dismissed if he doesn't complete the sale as directed, but again, at this stage, that is only a potential outcome of his apparent intent to defy the Bankruptcy Court's order. But neither Johnson nor this court can know that which has yet to occur,[4] and therefore the court cannot conclude that an issue of controlling law is implicated. Rather, it seems Johnson requests that this court advise the Bankruptcy Court on how it *should* rule when he refuses to follow through on the sale. It goes without saying that such a role is well outside the bounds of this court's jurisdiction—appellate, discretionary, or otherwise.

Moreover, even if the court were persuaded that the issue is sufficiently settled such that it could determine the issue of controlling law and find that substantial grounds for a difference of opinion were present, the court would still be compelled to deny Johnson's request because the appeal he seeks would not materially advance the termination of the litigation. *See* 28 U.S.C. § 1292(b). To the contrary, if this court were to insert itself at this stage, it would have the opposite effect. *If*, as Johnson appears to claim, the Trustee will move to dismiss his Chapter 13 plan because he failed to comply with the court's order to finalize a sale of the property, and *if* the Bankruptcy Court grants that request over Johnson's objection,

---

[4] After Johnson filed this motion for leave to appeal, it appears his case was dismissed because he failed to comply with the Bankruptcy Court's order to sell the property. (BR ECF Nos. 172, 173.)

then Johnson may appear— then Johnson may appeal that dismissal as a matter of right. At that point the issue will be squarely before this court and appellate review would be proper. But if any of those things do not happen, the court's insertion of itself into these proceedings would only *delay* the advancement of the case in the Bankruptcy Court.

## IV.

For these reasons, Johnson's motion for leave to appeal will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties and to James W. Reynolds, Clerk of the United States Bankruptcy Court for the Western District of Virginia.

**ENTERED** this 25th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE